IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAVIER DELHOYO, et al.,

  Plaintiffs,

  v.

STEWART TITLE GUARANTY
COMPANY,

  Defendant.

CIVIL ACTION FILE
NO. 1:20-CV-2777-TWT

### OPINION AND ORDER

This is a breach of contract action. It is before the Court on the Defendant's Motion to Dismiss [Doc. 3]. For the reasons set forth below, the Court GRANTS the Defendant's Motion to Dismiss [Doc. 3].

### I.     Background

On or about April 12, 2017, the Plaintiffs Javier Delhoyo and Pjeter Lulaj made a commercial mortgage loan in the amount of $4,750,000 to Building 160, LLC. Compl., at ¶ 3. As collateral for the loan, Building 160 LLC conveyed by Security Deed certain real property commonly known as 209 Pryor Street, Atlanta, GA 30303 (hereinafter "the subject property") to the Plaintiffs. *Id.* at ¶ 4. The Defendant Stewart Title Guaranty Company issued an insurance policy to the Plaintiffs in connection with the loan, which the Plaintiffs characterize as "title insurance." *Id.* at ¶ 9. The Policy states that it insures Delhoyo and Lulaj "against loss or damage, not exceeding the Amount

of Insurance, sustained or incurred by the [Plaintiffs] by reason of . . . [a]ny defect in or lien or encumbrance on the Title." [Policy, Ex. 1 attached to MTD, at p. 2].

Unbeknownst to the Plaintiffs, their lien was not the first priority lien on the subject property. Compl., at ¶ 5. The first priority lien on the subject property was a security deed in the amount of $2,800,000, which was assigned by Eastside Commercial Bank to JMP & Associates, LLC on June 8, 2016. *Id.* As part of the loan refinancing transaction, Delhoyo and Lulaj purchased a title insurance policy from the Defendant. *Id.* at ¶ 9. The Plaintiffs argue that the proceeds from the Plaintiffs' loan should have been used to cancel the Eastside Commercial Bank/JMP & Associates security deed, but the Defendant's title agent issued a policy without canceling the security deed. *Id.* at ¶ 6.

Building 160 LLC defaulted on its obligation to repay the loan to the Plaintiffs. *Id.* at ¶ 11. On or about April 5, 2018, Building 160 LLC conveyed the subject property to the Plaintiffs' New York counsel, Howard Ross by warranty deed. *Id.* at ¶ 12. The Complaint does not allege any transfer of the insurance coverage from the Plaintiffs to Ross, nor an agreement by the Defendant to waive the policy provision prohibiting such transfer. On October 18, 2018, the Plaintiffs' attorney recorded the warranty deed. *Id.* at ¶ 13. Howard Ross then entered an agreement to sell the property to CIM Atlanta Developer LLC, which was interested in purchasing and developing the subject

2

property for the City of Atlanta. *Id.* at ¶ 14. On November 27, 2019, the Plaintiffs discovered title defects that they allege should have been extinguished as a part of the loan refinancing on April 12, 2017. *Id.* at ¶ 15. On November 28, 2019, the Plaintiffs' attorney spoke with the Defendant's title agent who the Plaintiffs allege acknowledged that the title defects were covered by the title policy and stated that the liens were likely canceled. *Id.* at ¶¶ 18-21.

On January 28, 2019, the Defendant emailed Ross a letter, dated January 17, 2019, denying Ross' attempt to make a claim under the Policy stating that Ross was not an insured party under the Policy. *Id.* at ¶ 30. On July 1, 2020, the Plaintiffs Javier Delhoyo and Pjeter Lulaj filed their Complaint against Stewart Title Guaranty Company for breach of contract, bad faith refusal to pay an insurance claim, and fraudulent inducement. On July 7, 2020, the Defendant filed its Motion to Dismiss the Plaintiffs' Complaint.

## II.  Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Atlantic v. Twombly*,

550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985), *cert. denied*, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.

### III. Discussion

On July 1, 2020, the Plaintiffs Delhoyo and Lulaj filed their Complaint against the Defendant Stewart Title Guaranty Company for breach of contract, bad faith refusal to pay an insurance claim, and fraudulent inducement. In its Motion to Dismiss, the Defendant argues that the Plaintiffs have not stated a claim upon which relief can be granted because the Plaintiffs purchased a loan policy from the Defendant, not an insurance policy for owner's title insurance. The Plaintiffs filed no exhibits with the Complaint but incorporated the Policy by reference and relied on it within the Complaint. Documents incorporated by reference into a complaint can be considered by a court ruling on a Rule 12(b)(6) motion to dismiss. *See C&C Family Trust v. AXA Equitable Life Ins. Co.*, 654

4

F. App'x 429, 431-32 n.2 (11th Cir. 2016) (relying on life insurance policy attached to motion to dismiss because central to plaintiff's claims and its authenticity was undisputed). In ruling on the Defendant's Motion to Dismiss, the Court will consider the Policy attached to the Motion because it is central to the Plaintiffs' claims and its authenticity is not disputed.

The Court will also consider Exhibit 3 attached to the Motion, the satisfaction of judgment, because it is a public record of which the Court can take judicial notice. *See Universal Express, Inc. v. Secs. And Exch. Comm'n.*, 177 F. App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment," and "[p]ublic records are among the permissible facts that a district court may consider."); *Ghee v. JPMorgan Chase Bank, N.A.*, No. 1:17-cv-03115, 2018 WL 1833516, at *4 (N.D. Ga. Feb. 13, 2018) ("This Court and other courts in this circuit also routinely take judicial notice of security deeds, assignments, and similar property records that are filed and recorded in county records."). Exhibit 3, entitled "Cancellation of Deed to Secure Debt and Security Agreement," was executed before witnesses by the Plaintiffs Delhoyo and Lulaj on March 26, 2019 and was duly recorded on March 27, 2019 by the Clerk of Superior Court, Fulton County, in Deed Book 59827, Page 1.

It is the Plaintiffs' burden to show that they have sustained a loss covered by the Policy. *See Matthews v. State Farm Fire & Cas. Co.*, 500 F. App'x 836, 840-41 (11th Cir. 2012). The Defendant argues that the Plaintiffs

5

have not met this burden. The Defendant maintains that the Plaintiffs' loan policy provided insurance to the Plaintiffs as lenders to protect their ability to still collect the full amount of their loan in the event that liens or encumbrances affected their interest in the property that secured their loan. The Defendant asserts that the Plaintiffs collected this debt in full in March 2019, as shown by the recorded "Cancellation of Deed to Secure Debt and Security Agreement." Thus, the Defendant argues that the Plaintiffs have sustained no loss and cannot sue the Defendant on the three counts raised in their Complaint: breach of contract, bad faith, or fraudulent inducement. The Court agrees.

The Defendant issued an insurance policy to the Plaintiffs which the Complaint characterizes as owner's "title insurance." The Policy is entitled "Loan Policy of Title Insurance." [Policy, Ex. 1 attached to MTD]. The Defendant argues that the Policy is loan insurance, which only insures the mortgage interest against title defects. As the Defendant states, the distinction between the two types of policies is significant, for "defining and measuring actual loss under a title insurance policy is not the same for the owner who has title to property, and a mortgagee who holds only a security interest in the borrower's title." *See Old Republic Nat'l Title Ins. Co. v. RM Kids, LLC*, 337 Ga. App. 638, 644, 788 S.E.2d 542, 549 (2016). "This is because the fee interest of an owner is immediately diminished by the presence of lien since resale value will always reflect the cost of removing the lien, but . . . a mortgagee's

6

loss cannot be measured unless the underlying debt is not repaid and the security for the mortgage proves inadequate." *Id.* (internal quotations omitted).

Here, the Policy states that it insures Delhoyo and Lulaj "against loss or damage, not exceeding the Amount of Insurance, sustained or incurred by the [Plaintiffs] by reason of . . . [a]ny defect in or lien or encumbrance on the Title." Policy, at p. 2. The Policy defines the "Amount of Insurance" as "[t]he amount stated in Schedule A, as may be increased or decreased by endorsement to this policy, increased by Section 8(b) or decreased by Section 10 of these Conditions." *Id.* at p. 8. Schedule A of the Policy, in turn, provides that the Amount of Insurance is $4,750,000.000, the amount that the Plaintiffs loaned. *Id.* at p. 3. "[W]hen the language of an insurance policy defining the extent of an insurer's liability is "unambiguous and capable of but one reasonable construction, the courts must expound the contract as made by the parties." *RM Kids, LLC*, 337 Ga. App. at 642. The Policy clearly states that the Policy insures the Plaintiffs for loss or damage on their loan arising from title defects. The Plaintiffs misconstrue the Policy they purchased as an owner's policy of title insurance, rather than one that protected their ability to collect their loan despite title defects.

The discovery of an encumbrance on the secured property does not constitute a loss under a loan policy unless it leads to inadequate security and the underlying debt is not repaid as a result. *See RM Kids, LLC*, 337 Ga. App. at 644. In Georgia, no loss accrues, even in foreclosure, when the property

7

brings a price sufficient to pay the debt owed to the insured lender. *Id*. Under the Policy, the covered indebtedness "is reduced by the total of all payments and by any amount forgiven by an Insured." Policy, at p. 8. Here, the Fulton County record shows that the Plaintiffs were repaid in full on their loan. Cancellation of Deed to Secure Debt and Security Agreement, [Ex. 3 attached to MTD]. The recorded loan satisfaction dated March 26, 2019, states that the debt was paid in full, and that the Plaintiffs were "the current holder of said debt instrument and the underlying debt." *Id*. The Agreement authorizes and directs the Clerk of the Superior Court of Fulton County "to mark it satisfied of record." *Id*. The Plaintiffs have not met their burden of showing that they have sustained a covered loss under the Policy.

The Court dismisses Count I for breach of contract and Count II for bad faith refusal to pay the Plaintiffs' insurance claim because the Plaintiffs have not shown that they have sustained any loss. The Court also dismisses Count III for fraudulent inducement because the Plaintiffs have not shown that they have sustained damages, an essential element of any tort. Thus, the Court grants the Defendant's Motion to Dismiss the Plaintiffs' Complaint.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion to Dismiss [Doc. 3] is GRANTED.

SO ORDERED, this 11 day of February, 2021.

        /s/Thomas W. Thrash
        THOMAS W. THRASH, JR.
        United States District Judge